UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

:
:
IN RE SEPTEMBER 11, 2001 LITIGATION    :      21 MC 101  (AKH)
:
:
:
---------------------------------------------------------X

THIS DOCUMENT RELATES TO CASE:


    04-CV-7318 (AKH)

---------------------------------------------------------X


## GLOBE'S MEMORANDUM OF LAW IN OPPOSITION
## TO CANTOR'S MOTION TO AMEND AND ADD DEFENDANTS

LOCKE LORD BISSELL & LIDDELL LLP
Gary W. Westerberg
Ann C. Taylor
111 S. Wacker Drive
Chicago, IL 60606

JONES HIRSCH CONNORS & BULL P.C.
James P. Connors
James Freire
1 Battery Park Plaza
New York, NY    10004

*Counsel for Globe Aviation Services Corporation
and Globe Airport Security Services, Inc.*

Dated: October 16, 2009
     New York, NY

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................... 1

I.    CANTOR'S LEAVE TO AMEND SHOULD BE DENIED FOR UNDUE
      DELAY AND PREJUDICE ....................................................................... 3

    A.  Cantor's Undue and Unexcused Delay ............................................... 3

    B.  Globe Would Be Prejudiced By Cantor's Amendment ...................... 6

II.   THE PROPOSED AMENDMENT IS FUTILE ....................................... 8

    A.  Claims Are Time Barred ..................................................................... 8

    B.  The Relation-Back Doctrine is Not Applicable ................................. 9

        1.  Cantor's Failure to Sue Globe was a Choice not a Mistake ................. 11

        2.  Globe, American Airlines and Massport are not
           "United in Interest" ............................................................................. 13

CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

Page

Abdell v. City of N.Y.,
No. 05-CV-8453 (KMK) (JCF), 2006 WL 2620927 (S.D.N.Y. Sept. 12 2006) ...............12

Amaya v. Garden City Irrigation, Inc.,
No. 03-CV-2814, (FB)(RML), 2009 WL 2030695 (E.D.N.Y. July 13, 2009)...................9

Arrow Elecs. v. Stouffer Corp.,
458 N.Y.S.2d 461 (1982) ...................................................................................7

Aslandis v. U.S. Lines,
7 F.3d 1067 (2d Cir. 1993)................................................................................10

Barrow v. Wethersfield Police Dep't,
66 F.3d 466 (2d Cir. 1996)................................................................................11

Barrows v. Forest Laboratories, Inc.,
742 F.2d 54 (2d Cir. 1984)............................................................................. 5-6

Barry & Sons,
788 N.Y.S.2d 71 (1st Dep't 2005) ......................................................................7

Bass v. The World Wrestling Fed'n Entm't Inc.,
129 F. Supp. 2d 491 (E.D.N.Y. 2001) ........................................................ 9, 12-13

Beck v. Consol. R.R. Corp.,
394 F. Supp. 2d 632 (S.D.N.Y. 2005)................................................................13

Bowen v. Pan Am. World Airways,
474 F. Supp. 563 (S.D.N.Y. 1979) ......................................................................7

Brock v. Bua,
443 N.Y.S.2d 407 (2d Dep't 1981).....................................................................12

Buran v. Coupal,
87 N.Y.2d 173 (N.Y. 1995) ......................................................................... 9-12

Carruthers v. Flaum,
388 F. Supp.2d 360 (S.D.N.Y. 2005)...................................................................8

Chrobak v. Hilton PLC,
No. 06 Civ. 1916 (MGC), 2007 WL 2325913 (S.D.N.Y. Aug. 15, 2007) .............. 9, 12-13

Church ex. rel. Smith v. Callahan Indus., Inc.,
99 N.Y.2d 104 (N.Y. 2002) ...................................................................................14

CL Alexanders Laing & Cruickshank v. Goldfeld,
739 F. Supp. 158 (S.D.N.Y. 1990) .........................................................................2

Connell v. Hayden,
83 A.D.2d 30 (2d Dep't 1981) ...............................................................................13

Cornwell v. Robinson,
23 F.2d 694 (2d Cir. 1994)..............................................................................11, 13

De Sanna v. Rockefellar Ctr., Inc.,
780 N.Y.S.2d 651 (3d Dep't 2004) ......................................................................13

Ellis v. Blum,
643 F.2d 68 (2d Cir. 1981)......................................................................................3

Espinal v. Melville Snow Contractors, Inc.,
98 N.Y.2d 136 (N.Y. 2002) ..................................................................................14

Evans v. Syracuse City School Dist.,
704 F.2d 44 (2d Cir. 1983)................................................................................. 3-5

Foman v. Davis,
371 U.S. 178 (1962)....................................................................................... 2, 7-8

Harris Corp., Data Communications Div. v. Comair,
510 F. Supp. 1168 (E.D.Ky. 1981) .........................................................................7

In re Sept. 11 Prop. Damages and Bus. Loss Litig.,
468 F. Supp.2d 508 (S.D.N.Y. 2006)......................................................................8

In re Wireless Tel. Services Antitrust Litig.,
No. 02 Civ 2637 DLC, 2004 WL 2244502 (S.D.N.Y. Oct. 6, 2004) ...............................
6-7

Losner v. Cashline Inc.,
757 N.Y.S.2d 91 (2d Dep't 2003).........................................................................13

Lucent v. Int'l Bus. Machs. Corp.,
310 F.3d 243 (2d Cir. 2002)....................................................................................8

Lusby v. Union Pac. R.R. Co.,
4 F.3d 639 (8th Cir. 1993) ....................................................................................7

N.H. Ins. Co. v. Total Tool Supply Inc.,
621 F. Supp.2d 121 (S.D.N.Y. 2009)..................................................................4, 8

Prince v. Suffolk County Dep't of Health Services,
No. 89 Civ 7243 (LAP), 89 Civ. 8085 (LAP), 1995 WL 144782
(S.D.N.Y. Apr. 3, 1995) ....................................................................................5, 11

Rahim v. Sottile Sec. Co.,
817 N.Y.S.2d 33 (1st Dep't 2006) ........................................................................14

Schiavone v. Fortune,
477 U.S. 21 (1986)................................................................................................10

Sloane v. Town of Greenburgh,
No. 01 Civ. 11551 (MBM), 2005 WL 1837441 (S.D.N.Y. July 27, 2005) ......................12

Smith v. City of N.Y.,
611 F. Supp. 1080 (S.D.N.Y. 1985)....................................................................3, 5

Smith v. P.O. Canine Dog Chas,
No. 02 6240 KMW DF, 2004 WL 2202564 (S.D.N.Y. Sept. 28, 2004) ......................11

Sokol Holdings, Inc. v. BMB Munai, Inc.,
No. 05 Civ. 3749 (KMW) (DF), 2009 WL 2524611 (S.D.N.Y. Aug. 14, 2009)...............5

Soto v. Brooklyn Correctional Facility,
80 F.3d 34 (2d Cir. 1996)....................................................................................11

State Teachers Ret. Bd. v. Fluor Corp.,
654 F.2d 843 (2d Cir. 1981)...................................................................................5

Trump Taj Mahal Assoc. v. Costruzioni Aeronautiche Giovanni Agusta, S.P.A.,
761 F. Supp. 1143 (D.N.J. 1991) ............................................................................7

Von Batsch v. American Dist. Tel. Co.,
175 Cal. App. 3d 1111 (2d Dist. 1985)...................................................................7

Walker v. Agro,
No. 96-CV-5414 (JG), 2000 WL 744536 (E.D.N.Y. May 19, 2000) ......................13

Weschler Hunt Health Systems, Ltd.,
186 F. Supp.2d 402 (S.D.N.Y. 2002).....................................................................2

## Other Authorities

Page

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 8

Fed. R. Civ. P. 15(a)(2) ...................................................................................... 2, 7, 15

Fed. R. Civ. P. 15(c) .......................................................................................... 9, 15

Fed. R. Civ. P. 15(c)(1)(C) ................................................................................. 9-10

ATSSSA ................................................................................................................. 6

ATSSSA § 408(b)(2) ............................................................................................... 8

ATSSSA § 408(b)(3) ............................................................................................... 9

14 C.F.R. § 108.7(1) ............................................................................................. 14

14 C.F.R. § 108.9(a) ............................................................................................. 14

CPLR § 214 ............................................................................................................ 8

Defendants, Globe Aviation Services Corporation and Globe Airport Security Services, Inc. (collectively "Globe") submit this memorandum of law in opposition to Plaintiffs' Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and Tradespark L.P. (collectively, "Cantor") motion to amend their complaint ("Motion to Amend") to add Globe as a defendant for the first time. Amendment should be denied based on undue delay, prejudice and on the basis of futility because the proposed claims are time-barred.

## INTRODUCTION

On July 28, 2009, this Court asked the parties to focus the pleadings as part of their trial preparations and to dismiss those defendants and claims that will not be pursued at trial. (Ex. 1 at 34-36) (urging counsel "to let out as many defendants as possible"). Perversely, Cantor cites this request as impetus for its motion for leave to *add* Globe as a defendant—and to assert a brand-new claim of $1.2 billion in damages against Globe, *an amount three times Globe's available insurance limits*. (Ex. 2.) Cantor's motion comes five years after it filed its initial complaint, after six master complaints have been filed and more than 180 depositions taken, and on the brink of trial. This even though Cantor admits knowing all along that Globe provided pre-board screening services at Massport's Logan Airport pursuant to a contract with American Airlines. (Pls. Mot. 3, 7-9.) The sole reason Cantor offers to justify its delay is that it was an "oversight" not to name Globe years ago. (Pls. Mot. 2.) But, Cantor's pleadings demonstrate that it made a calculated decision on the parties it chose to sue.[1] Even assuming "oversight" in the original

---

[1] Cantor admits many complaints filed by other plaintiffs were on file by the time it filed its own. (Pls. Mot. 2, 7-9.). Notwithstanding, Cantor *chose* to bring litigation against Riggs National Corporation and Riggs Bank on

1

decision not to sue Globe, what type of "oversight" continues year-after-year as depositions continue, discovery is produced and Cantor files amended complaints that do not seek to add Globe? Cantor's protestations of "oversight" are woefully insufficient to justify amendment of a pleading that will prejudice Globe and is more than five years after the statute of limitations has run.

Rule 15(a)(2), Fed. R. Civ. P., states that the court "should freely give leave when *justice so requires.*" (emphasis added). But, where, as here, amendment will work an injustice, amendment should be withheld. *Wechsler v. Hunt Health Systems, Ltd.*, 186 F. Supp.2d 402, 415 (S.D.N.Y. 2002) (quoting *CL Alexanders Laing & Cruickshank v. Goldfeld*, 739 F. Supp. 158, 167 (S.D.N.Y. 1990)) ("Although Fed. R. Civ. P. 15(a) directs that leave to amend shall be 'freely given,' it is equally true that 'there is a difference between freedom and license.'"). A court may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As discussed herein, Cantor's request falls squarely within all the above referenced reasons the U.S. Supreme Court relies upon to deny leave to amend a pleading.

First, Cantor has unduly and inordinately delayed without justification. Second, amendment at this late stage will prejudice Globe. Globe has never analyzed Cantor's document production or its damages claim, nor has it participated in any of the meetings regarding Cantor's claim. On the eve of mediation and with trial fast approaching, Cantor demands that it be

---

the basis that these financial institutions allegedly "laundered" money for the terrorists, where no other property damage plaintiffs did so. Cantor's original complaint has detailed allegations concerning all its causes of action and its sole reference to the "security companies" is in allegations against American Airlines and Massport. *See generally,* (Pls. Mot., Ex. A.) By any account, this is a well thought out complaint.

allowed to assert damages of $1.2 billion against Globe for the first time. Yet, with each amended complaint, and the passage of time, Globe had only more reason to rely on Cantor's representations that it was *not* naming Globe as a defendant.

Moreover, amendment at this time would be futile because Cantor's proposed new claim would be time-barred. Cantor cannot avail itself of the relation-back doctrine because Cantor has not even argued that it made a "mistake" as to the identity of Globe such that Globe would have reasonably understood that Cantor intended to sue it, nor is there a sufficient "unity of interest" with the other defendants. These elements are required before an otherwise time-barred complaint can relate back to a timely filed pleading. For these reasons, Globe respectfully requests that Cantor's Motion to Amend be denied.

## I. Cantor's Leave to Amend Should be Denied for Undue Delay and Prejudice

### A. Cantor's Undue and Unexcused Delay

Whether leave to amend a pleading is justified depends on the posture of the case, prior opportunities presented to amend, and the understanding of the defendant. Here, Cantor tries to evade the issue of delay by claiming (incorrectly) that there would be no prejudice to Globe. But "delay is closely related to prejudice." *Smith v. City of N.Y.*, 611 F. Supp. 1080, 1093 (S.D.N.Y. 1985), *amended on other grounds*, No. 82 Civ. 4457-CSH, 1985 WL 1039 (S.D.N.Y. Apr. 30, 1985); *see also Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983).

Cantor bears a burden that it has conveniently ignored. *Smith*, 611 F. Supp. at 1093 (moving party bears burden of persuasion to justify delay); *Evans*, 704 F.2d at 47 (party bears "the burden of showing a compelling reason for the delay"); *Ellis v. Blum,* 643 F.2d 68, 85 (2d Cir. 1981) (treating "a change in the governing law" as a reasonable explanation). In fact, Cantor's five year delay with "oversight" as its sole excuse serves to correspondingly increase its burden to justify the delay and decreases any need for Globe to demonstrate prejudice. *Evans*,

704 F.2d at 46-47 (adopting view that the longer the period of a delay, the less will be required of the nonmoving party to show prejudice).

Instructive is *New Hampshire Insurance Company. v. Total Tool Supply, Inc.*, 621 F. Supp.2d 121, 123-24 (S.D.N.Y. 2009), where a party moved to amend after already filing an amended complaint and after the court's deadline to file further amended pleadings. In discussing the reasons a court may deny an amendment, the court found it improper to allow amendment "when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *Id.* at 123-24 (citations omitted). Here, Globe's identity has been visible throughout the litigation and Cantor admits as much. (Pls. Mot. 2-3, 4-5, 7-9.) Cantor concedes that multiple complaints were on file long ago (before its original complaint) naming Globe as a defendant. (Pls. Mot. 7-8.) It admits that it made reference to Globe in its original complaint in connection to allegations against other defendants. (Pls. Mot. 6.) And, in each successive Master Property Damage Complaint where other parties sued Globe, Cantor did not. (Pls. Mot. 8-9.)

Cantor intimates in its brief that certain deposition testimony given on March 30, 2007 provided certain "revelations" about Globe.[2] (Pls. Mot. 5-6.) The suggestion is specious. By this date, there had already been 58 depositions, 15 of which involved former Globe employees. And, even giving credence to Cantor's far-fetched suggestion that it learned relevant facts about Globe for the first time at that deposition, Cantor still waited *another two and a half* years before

---

[2] While Globe cannot address the substance of the deposition testimony given by Joseph Lawless because the transcript was marked "Confidential" and thus discussion of it violates this Court's Confidentiality Protective Order dated March 30, 2004 (which Cantor violated in disclosing certain testimony), Globe nonetheless represents to the Court that Cantor's characterization of that testimony is wholly inaccurate and misleading.

4

seeking leave to add Globe as a defendant. Cantor cannot explain its actions as "oversight" in light of its knowledge and the overwhelming opportunities it had to assert claims against Globe.

In fact, Cantor sat on any rights that it may have had until the Court asked the parties to *eliminate* unnecessary defendants for trial. (Ex. 1 at 34-36.) Claimed "oversight" is not a reasonable basis to seek leave to add a party at this stage of the proceeding. *Smith*, 611 F. Supp. at 1093 (party must explain and justify the delay); *see also Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW) (DF), 2009 WL 2524611, at *9 (S.D.N.Y. Aug. 14, 2009) (finding no "good cause" under Rule 16(b) because the "issue here is not Plaintiffs' initial pleading, nor their first amended pleading, nor even their second amendment…this is Plaintiffs' attempt at a *fourth* 'bite of the apple.'").

Cantor cites *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981), for the proposition that this Court cannot deny its motion on the basis of delay alone. (Pls. Mot. 11.) Cantor's reliance on this case is misplaced. Unlike *State Teachers*, this Court has set a related trial date and proposed times for others. *See State Teachers Ret. Bd.*, 654 F.2d, at 856 (noting no trial date set). Further, undue delay has been a compelling reason for many courts to deny leave to amend for periods of time far shorter than Cantor's excessive delay here. *See, e.g., Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58-59 (2d Cir. 1984) (finding "it was certainly reasonable, *two and one-half years* after the complaint has been filed" to deny leave to amend) (emphasis added); *Evans*, 704 F.2d at 47 (holding that movant was "clearly dilatory and delayed unduly in requesting to amend" a claim that could have been raised *two years and nine months* earlier); *Prince v. Suffolk County Dep't of Health Services*, No. 89 Civ. 7243 (LAP), 89 Civ. 8085 (LAP), 1995 WL 144782, at *4 (S.D.N.Y. Apr. 3, 1995) ("[T]he delay is more than *three and a half years*. Such a delay, by any reckoning, is extraordinary.")

(citations omitted) (emphasis added).  If three and a half years is extraordinary, the *five years* that Cantor waited before seeking to name Globe is unfathomable.

## B.    Globe Would Be Prejudiced By Cantor's Amendment

Cantor's unexcused delay can only be viewed as prejudicial in and of itself.  Globe, however, would suffer demonstrable prejudice—and the other plaintiffs could as well—if amendment were allowed.  Under this Court's Stipulated Order dated May 22, 2008, the property damage plaintiffs[3] and the defendants engaged in a process to focus discovery and narrow claims concerning the damages allegedly suffered.  On the basis that it was not sued by Cantor, Globe did not analyze Cantor's document productions, nor has it participated in any of the meetings about Cantor's claim.  If Cantor were allowed to amend the pleading to assert claims against Globe, the previous meetings involving Cantor's claim would need to be repeated and Globe's already substantial workload would be further burdened as it strives to meet the Court's deadlines and to prepare for trial against the plaintiffs that filed timely allegations.

Moreover, Cantor seeks leave, not just by adding Globe as a defendant at this late stage of the litigation, but at the same time increasing its claim against American Airlines and Massport (and purportedly Globe) from $223 million to $1.2 billion.  (Compare Ex. 2 and Ex. 3.)  While denying any wrongdoing, Globe has analyzed the claims filed against it for years, as have the other parties, all in view of the limit of potential damages prescribed by the Air Transportation Safety and System Stabilization Act ("ATSSSA").  Cantor's substantially increased damages claim is equally untimely and prejudicial to all the parties to this litigation, not just Globe.  *See e.g.*, *Barrows*, 742 F.2d at 58-59 ("the court was justified in taking into account the unfairness to appellees of suddenly transforming a lawsuit … into a battle for such high stakes."); *In re Wireless Tel. Services Antitrust Litig.*, No. 02 Civ. 2637 DLC, 2004 WL

---

[3]    This process did not include any of the World Trade Center Property plaintiffs.

2244502, at *6 (S.D.N.Y. Oct. 6, 2004) (noting that for more than two years, "[a]ll of this Court's many rulings on discovery issues have been framed by an understanding of the surviving allegations in the Amended Complaint. To permit the plaintiffs to change and expand the focus at this stage in the litigation demands too much of the defendants.")

In the end, while Cantor represents that its Motion to Amend was not done "to obtain strategic advantage," (Pls. Mot. 18), the timing and substance of its amended Property Plaintiff Damage Disclosure Form appears to fall squarely within the ambit of "gamesmanship" and "litigation strategy." Cantor seeks to increase its claim by $1 billion as the parties engage in final efforts and preparations concerning this litigation. And, the vast majority of its newly revised damages has no merit under well-established law based upon even a cursory review of Cantor's claim.[4] As such, Cantor's declaration of an innocent motive rings hollow.

The Court should deny Cantor's Motion to Amend on the basis of its unexcused delay and the resulting prejudice caused by raising the stakes so high so late in the litigation and forcing Globe to expend significant and unexpected additional resources and time to prepare for trial.

## II.    THE PROPOSED AMENDMENT IS FUTILE

While the Court can deny Cantor's request based on Fed. R. Civ. P. 15(a)(2) for undue delay and prejudice, the Court must deny the proposed amendment as futile. *Foman*, 371 U.S. at

---

[4]    Cantor's increased damages are based primarily on its claim of increased business interruption due to the death of its employees—an increase from $127 million to $880 million in its proposed new complaint. A business, however, cannot recover damages in tort from the death of its employees. *See e.g. Barry & Sons*, 788 N.Y.S.2d 71, 73 (1st Dep't 2005); *see also Arrow Elecs. v. Stouffer Corp.*, 458 N.Y.S.2d 461, 462-463 (1982) (wrongful death action may only be brought by decedent's personal representative, not employer); *Bowen v. Pan Am. World Airways*, 474 F. Supp. 563 (S.D.N.Y. 1979) (company could not maintain action for damages for death of general manager); *Lusby v. Union Pac. R.R. Co.*, 4 F.3d 639 (8th Cir. 1993) (no damages recoverable for death of employee who was a "unique economic asset"); *Trump Taj Mahal Assoc. v. Costruzioni Aeronautiche Giovanni Agusta, S.P.A.*, 761 F. Supp. 1143, 1161-62 (D.N.J. 1991), *affd.* 958 F.2d 365 (3d Cir.), *cert. denied* 506 U.S. 826 (1992) (recovery barred for deaths of "key employees"); *Von Batsch v. American Dist. Tel. Co.*, 175 Cal. App. 3d 1111 (2d Dist. 1985) (no recovery for death of "key employee"); *Harris Corp., Data Communications Div. v. Comair*, 510 F. Supp. 1168 (E.D.Ky. 1981), *affd.* 712 F.2d 1069 (6th Cir. 1983) (no recovery for death of "valued employee.")

182 (listing futility as reason to deny leave to amend). An amendment is futile if "the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citations omitted). Thus, the appropriate standard to determine futility is whether the proposed claim fails to state a claim under Fed. R. Civ. P. 12(b)(6). *N.H. Ins. Co.*, 621 F. Supp. 2d at 124, 127 (denying leave to amend on futility grounds for failure to state a claim under Fed. R. Civ. P. 12(b)(6)). Here, Cantor asserts claims more than five years after the applicable statute of limitations has run, and the claims do not relate back to any timely filed complaint and therefore its amendment would not survive a motion to dismiss.

### B.   Claims Are Time Barred

Cantor's request is untimely as a matter of law. New York applies a three-year statute of limitations in respect of these claims. CPLR Law § 214; ATSSSA § 408(b)(2) (substantive law of state where crash occurred governs claims under ATSSSA). For purposes of the statute of limitations, September 29, 2009—the date Cantor filed its Motion to Amend—is the date when this action "commenced." *Carruthers v. Flaum*, 388 F. Supp. 2d 360, 374 (S.D.N.Y. 2005). This Court has ruled that the statute of limitations for claims related to property damage began to run when terrorists flew the aircraft into the World Trade Center on September 11, 2001. *In re Sept. 11 Prop. Damages and Bus. Loss Litig.*, 468 F. Supp. 2d 508, 528 (S.D.N.Y. 2006). Thus, the three-year statute of limitations expired more than five years before Cantor filed this motion.

### C.   The Relation-Back Doctrine Is Not Applicable

Even Cantor does not dispute that its claims are being asserted long after the statute of limitations has run. Nevertheless, Cantor argues that its untimely claim relates back to its prior pleadings that did not name Globe. But as shown below, Cantor cannot prevail because there

was no mistake in failing to properly identify Globe, and Globe had no reason to believe that Cantor intended to sue it.

Cantor implicitly acknowledges that it cannot meet the requirements to have its proposed amendment relate back to its prior pleadings under federal law, namely Fed. R. Civ. P. 15(c). Cantor argues that "pursuant to Fed. R. Civ. P. 15(c)(1)(A), *if* New York's relation back standard would *permit* Cantor's proposed amendment, this Court must apply New York's standard rather than the federal standard provided in Fed. R. Civ. P. 15(c)(1)(C)." (Pls. Mot. 12-14) (emphasis added). But, the federal rule does apply if New York law were to permit amendment. The ATSSSA provides that:

> [t]he substantive law for decision in any such suit shall be derived from the law, including choice of law principles, of the State in which the crash occurred *unless such law is inconsistent with or preempted by Federal law.*

ATSSSA § 408(b)(3) (emphasis added). But, any difference is without a distinction as "New York's 'relation back' rule is patterned after the federal rule and does not alter the analysis here." *Chrobak v. Hilton Group PLC*, No. 06 Civ. 1916 (MGC), 2007 WL 2325913, at *2, n.1 (S.D.N.Y. Aug. 15, 2007). The public policy and fairness principles embodied under the Federal and New York law are the same, and as demonstrated below, both are equally dismissive of Cantor's claims.[5]

Under Fed. R. Civ. P. 15(c)(1)(C), the party seeking leave to amend must prove the following for the amendment to relate back to the original pleading:

---

[5]      Plaintiffs indicate that New York law is *less* stringent than federal law. It historically was *more* stringent than Federal law including an *additional* requirement that a mistake be "excusable." The New York Court of Appeals interpreted away this requirement in *Buran v. Coupal*, 87 N.Y.2d 173 (N.Y. 1995) bringing New York State law in line with Federal law. *See, e.g., Bass v. The World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 508 n.13 (E.D.N.Y. 2001); *Amaya v. Garden City Irrigation, Inc.*, No. 03-CV-2814 (FB)(RML), 2009 WL 2030695, at **4-6 (E.D.N.Y. July 13, 2009).

(A)  The basic claim must have arisen out of the conduct set forth in the original pleading;

(B)  The party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(C)  The party must or should have known that, but for a *mistake concerning the identity*, the action would have been brought against it; and

(D)  The second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) (emphasis added).[6]  Likewise, under New York law Cantor must prove

(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) *the new party knew or should have known that, but for [a] mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.*

*Buran*, 87 N.Y.2d at 178 (citations omitted) (emphasis added).

Cantor's proposed amendments fail on the "mistake" prong of both the Federal and New York formulations of the doctrine.  Further, Cantor's amendment fails under an additional element in the New York doctrine as Globe and the timely sued original defendants, American Airlines and Massport, are not sufficiently "united in interest."

### 1.  Cantor's Failure to Sue Globe was a Choice not a Mistake

Cantor's professed "oversight" in not naming Globe earlier does not constitute "a mistake concerning the identity of the proper party" as that term is used in Rule 15(c)(1)(C).  The crux of the rule has two parts: (1) a party sues the wrong person due to misnomer or misidentification, and (2) the proper party knew or should have known that it should have been sued.

---

[6]      The requirements were amended so that the non-moving party must be aware of the lawsuit within 120 days of filing the complaint. *See Aslandis v. U.S. Lines*, 7 F.3d 1067, 1076 (2d Cir. 1993).

One court explained the Federal requirement of "mistake" as follows:

> Courts have...found 'mistake' sufficient to allow an amendment to relate back to the original pleading where there is a mistake in law, *i.e.*, when a plaintiff was obviously unaware of certain pleading requirements (such as the need, in certain circumstances, to name individual, rather than institutional, defendants), or a mistake of fact, *i.e.*, when a plaintiff has misapprehended the identities of the individuals he wished to sue.

*Smith v. P.O. Canine Dog Chas*, No. 02 6240 KMW DF, 2004 WL 2202564, at *16 (S.D.N.Y. Sept. 28, 2004) (citing *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 36 (2d Cir. 1996)); *see also Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1996) ("[Fed. R. Civ. P. 15(c)] is meant to allow an amendment changing the name of the party to relate back to the original complaint only if the change is a result of an error, such as misnomer or misidentification."), *modified* 74 F.3d 1366 (2d Cir. 1996).

Indeed the Second Circuit clearly noted that, under federal law, where a plaintiff fails to sue a particular defendant in an original complaint even though it obviously knew of the defendant's identity, this failure "must be considered a matter of choice, not mistake." *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994); *see also Barrow*, 66 F.3d at 470 ("[F]ailure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."); *Prince*, No. 89 Civ. 7243, 89 Civ. 8085 (LAP), 1995 WL 144782, at *9 (noting that "courts have denied relation back where a plaintiff is obviously aware of the proposed additional party throughout the litigation, and fails to join that party within the governing statute of limitations.").

Cantor fares no better under New York law. The New York Court of Appeals has stated that "when a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake" and "the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired." *Buran*, 87 N.Y.2d at

181. The court in *Buran* noted that the primary consideration in determining whether a mistake occurred is "whether the *defendant* could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all 'and that the matter had been laid to rest as far as he is concerned.'" *Id.* at 180-81(emphasis in original) (quoting *Brock v. Bua*, 443 N.Y.S.2d 407, 413 (2d Dept 1981)); *see also Abdell v. City of N.Y.*, No. 05-CV-8453 (KMK) (JCF), 2006 WL 2620927, at **7-8 (S.D.N.Y. Sept. 12, 2006) (failed to prove mistake under both federal and New York standards when plaintiff had enough information to determine who was potentially liable before the statute of limitations had run); *Sloane v. Town of Greenburgh*, No. 01 Civ. 11551 (MBM), 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005) (third prong of New York's relation back doctrine employs the same standard as the federal rule); *cf. Bass*, 129 F. Supp. 2d at 508 (noting under both Federal and New York State law, where plaintiff clearly knew of defendants' involvement when original complaint was filed, there is no mistaken identity and plaintiff's relation back argument must fail).

Under that standard, there certainly has been no "mistake" here. Globe had no reason to suspect that Cantor always meant to assert allegations against it. As even Cantor admits, it has known of Globe's identity and involvement for well over five years. But from Cantor's initial complaint through the Sixth Amended Master Property Complaint, Cantor did not make any allegations against Globe. This was not uncommon—many plaintiffs made allegations against some, but not all, of the defendants.[7] It was therefore eminently reasonable for Globe to believe, as Globe did believe, that Cantor had chosen not to sue Globe. *See, e.g., Chrobak*, No. 06 Civ. 1916 (MGC), 2007 WL 2325913, at *2 (party cannot claim "mistake" when it "knew the identity

---

[7]      For example, American Airlines was not sued in a case arising out of American Flight 11 entitled *Low v. U.S. Airways, Inc. et al.* And, WTC plaintiffs, AXA plaintiffs, World Trade Farmer's Market, Cantor and only four direct subrogated insurer plaintiffs brought property damage claims against Massport. No other party has claimed "oversight" in bringing claims against some, but not all, of the defendants in this consolidated action.

of the newly named defendant and its possible involvement in the alleged acts and *simply chose not to sue it at the time of the original pleading.*") (emphasis added) (citing *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994)); *see also Buran*, 87 N.Y.2d at 181 (accord); *Bass*, 129 F. Supp. 2d 491 at 508 (accord).

For this reason, Cantor's proposed amendment fails under both Federal and New York law because there was no "mistake" regarding Globe's identity.

## 2.  Globe, American Airlines and Massport are not "United in Interest"

Even if a separate analysis were required under New York's relation-back doctrine, the additional "unity of interest" prong cannot be satisfied. That is because under New York law, *"where one defendant 'may' have a defense which is not available to the other, they cannot be said to be united in interest."*  *Connell v. Hayden*, 83 A.D.2d 30, 41-42 (2d Dep't 1981) (internal citations omitted) (emphasis added); *see also De Sanna v. Rockefellar Ctr., Inc.*, 780 N.Y.S.2d 651, 652-53 (3d Dep't 2004); *Losner v. Cashline Inc.*, 757 N.Y.S.2d 91, 93 (2d Dep't 2003). Federal courts addressing the issue have also noted that "unity" exists only when "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other." *Beck v. Consol. R.R. Corp.*, 394 F. Supp. 2d 632, 640-41 (S.D.N.Y. 2005) (quoting *Walker v. Agro*, No. 96-CV-5414 (JG), 2000 WL 744536, at *4 (E.D.N.Y. May 19, 2000)). For example, courts will find "unity of interest" when the party the plaintiff seeks to add is vicariously liable for a properly named defendant. *Id.*

Cantor argues, with purposeful lack of specificity, that Globe is vicariously liable because American Airlines, Massport, and Globe "are all contractually related". (Pls. Mot. 16.) But, a contractual relationship, without more, does not establish vicarious liability—the critical element of control must be present. *Id.* And, as all the parties here know, while American Airlines

entered into a contract with Globe to provide certain pre-board screening operations at Massport's Logan Airport, American retained plenary responsibility. *See e.g.,* 14 C.F.R. § 108.7(1) and 14 C.F.R. § 108.9(a).[8] Globe was a contractor and took direction from and had no control over American, nor did it have any control over what screening procedures were in place on September 11, 2001. Moreover, Globe and Massport had no relevant contractual relationship. Cantor therefore cannot establish that a judgment against American Airlines or Massport—the two entities that Cantor sued—would similarly affect Globe. Indeed, while Globe certainly has a common interest with American Airlines, Massport, and the other Aviation Defendants, Globe has its own, different, defenses to plaintiffs' claims.[9] Furthermore, the allegations against American Airlines and Massport involve issues that are not related to Globe's contractual obligations to perform certain pre-board screening services. As such, both American Airlines and Massport have a multitude of defenses that are not relevant to Globe. Accordingly, Cantor fails to establish that either American Airlines or Massport are sufficiently united in interest with Globe to support its request for leave to amend.

---

[8]    Cantor asserts, without any support, that Globe "was in the business of owning, operating, managing, supervising and maintaining passenger screening and security systems ... including American flights departing from Logan." (Pls. Mot. 10.) In addition to the federal regulations cited, the limitations of Globe's pre-board screening services were set out in American's Air Carrier Standard Security Program, the Checkpoint Operations Guide and testified to by myriad witnesses including the following:  Robert J. Cammaroto (TSA)(Tr. 13:19-25; 14: 2-25; 15:2-19; 252:21-25; 253:2-8; 272:21-24; 273:9-18; 276:10-16; 339:24-25; 340:2-25; 341:2-25; 342:2-5); Denise Roussin (FAA)(Tr. 8:8-25; 9:2-20; 12:9-17; 14:23-25; 15:2; 28:8-9; 29:14-17); Larry Wansley (AA)(Tr. 47:6-11; 74:25-76:2); Timothy J. Ahern (AA)(Tr.63:13-22); Bronwen McKenzie (AA)(Tr. 15:13-22; 30:18-21; 87:11-21; 88:11-15). This material will be made available to the Court upon request and pursuant to the Court's March 30, 2004 Confidentiality Protective Order.

[9]    Globe has argued throughout this litigation that plaintiffs like Cantor do not have a viable claim against it. It has been Globe's consistent position that its sole duty runs to American Airlines under contract and that New York courts steadfastly hold that contractors, such as Globe, are not liable in tort to third-parties as a matter of law. *See e.g. Espinal v. Melville Snow Contractors, Inc.,* 98 N.Y.2d 136 (N.Y. 2002); *Church ex rel. Smith v. Callanan Indus., Inc.,* 99 N.Y.2d 104 (N.Y. 2002); *Rahim v. Sottile Sec. Co.,* 817 N.Y.S.2d 33 (1st Dep't 2006). This defense is available to Globe only.

## CONCLUSION

At this late stage of the proceeding, Cantor seeks leave of this Court to assert claims for the first time against Globe—claims of $1.2 billion—over three times more than Globe's available insurance limits. Cantor admits to knowing of Globe's identity when it filed its original complaint, and has passed up multiple opportunities to sue Globe in the five years since the statute of limitations expired. The delay was inordinate and the potential prejudice if amendment is allowed is profound. Cantor's failure to sue Globe before the statute of limitations ran can be viewed only as a choice, not a mistake, and certainly not the type of mistake of misidentification required to except the statute of limitations. Accordingly, Globe respectfully requests that the Court deny Cantor's Motion to Amend under (1) Fed. R. Civ. P. 15(a)(2) on the basis of undue delay and prejudice; and/or (2) Fed. R. Civ. P. 15(c) on the basis of futility in that its claim would not survive a motion to dismiss because it is untimely as a matter of law.

Dated: New York, New York
      October 16, 2009

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP
Gary W. Westerberg
Ann C. Taylor
111 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0245
Facsimile: (312) 896-6245
gwesterberg@lockelord.com

JONES HIRSCH CONNORS & BULL P.C.
James P. Connors
James Freire
1 Battery Park Plaza
New York, NY     10004

*Counsel for Globe Aviation Services Corporation and
Globe Airport Security Services, Inc.*