UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
IN RE SEPTEMBER 11 LITIGATION          :      **OPINION AND ORDER
                                                              :      GRANTING MOTION TO
------------------------------------------------------------- :      DROP PARTIES AND
CANTOR FITZGERALD & CO., ET AL.        :      DENYING MOTION TO ADD
                                                              :      PARTIES**
                             Plaintiffs,      :
                                                              :      21 MC 101 (AKH)
                 -against-                     :      04 Civ. 7318 (AKH)
                                                              :
AMERICAN AIRLINES, INC., et al.            :
                                                              :
                            Defendants.     :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Cantor Fitzgerald & Co. and affiliated plaintiffs move to amend their complaint

pursuant to Fed R. Civ. P. 15 to add and subtract defendants.  They move to add claims

against Globe Aviation Services Corp., Globe Airport Security Services, Inc., Burns

International Security Services Corp., Burns International Services Corp., Pinkerton's

Inc., and Securitas A.B. (collectively "Globe"), and to dismiss claims against Riggs

National Corp., Riggs Bank, N.A., and Silverstein Properties Inc.  Plaintiffs' motion to

dismiss claims implements a stipulation dismissing them as defendants.   There are no

objections, and that aspect of the motion is granted.  However, for the reasons stated

below, the motion to add claims against the Globe defendants is denied.

        On September 11, 2001, American Flight 11, flying from Boston to San

Francisco, was hijacked by terrorists and crashed into Tower One of the World Trade

Center.  The crash, and the blazing infernos that resulted, severed the top third of the

building, and asphyxiated and burnt to death the persons who worked in the offices above

the crash, including 658 employees of Cantor Fitzgerald.  The surviving employees and

executives bravely started anew from different offices, but the wounds they suffered, personally and as an institution, can never be salved.

Cantor Fitzgerald, and many other plaintiffs, filed suit against the airlines and aviation companies alleged to have been negligent in screening passengers at Portland, Logan and Newark airports, the airports from which the terrorists boarded airplanes and performed their hijackings. The plaintiffs sued American Airlines with respect to its flight 11, United Airlines with respect to its flight 175, the Boeing Company as the manufacturer of the hijacked aircraft, the several airport authorities, the companies that had been engaged to perform security and screening operations, and various other defendants. Cantor Fitzgerald, in the suit it filed on September 13, 2004, sued a narrower and more focused group of companies.[1] Unlike other plaintiffs, Cantor Fitzgerald did not sue the companies engaged by the airlines to perform security operations at Logan Airport. Cantor Fitzgerald alleged damages of $223,500,000 for damage to its property and business interruption. Various of its employees, or their estates, filed their own lawsuits for wrongful death and personal injuries.

The pre-trial proceedings in these lawsuits have been extensive. The parties have taken over 180 depositions and produced more than 400,000 pages of documents. Of the 95 wrongful death and personal injury lawsuits that plaintiffs filed, 92 have been settled. Two of the three unsettled cases have been set for trial in April 2010. Of the eighteen property damage lawsuits that were filed, alleging billions of dollars of damages, all remain for trial. The lawsuits have proceeded in a consolidated fashion through pre-trial discovery and are now in active mediation. There is a substantial prospect that many,

---

[1] Cantor Fitzgerald sued American Airlines, Inc., AMR Corp., the Massachusetts Port Authority, Riggs Bank, N.A., Riggs National Corp., and Silverstein Properties, Inc.

perhaps most, of the lawsuits will be resolved by year-end.  If any remain, they will be ready for trial, possibly with, or soon following, the trials of the three remaining wrongful death actions.

It is at this point, after all this has been accomplished, that Cantor filed its motion to add the Globe defendants to its lawsuit.  Cantor explains that its failure to sue or seek to add the Globe defendants was an "oversight," a five-year oversight.

### The Standards Governing a Motion to Amend the Complaint to Add Parties

Ordinarily, a court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2),  However, "there is a difference between freedom and license."  CL-Alexanders Laing & Cruickshank v. Goldfeld, 739 F. Supp. 158, 167 (S.D.N.Y. 1990).  "Where there has been excessive delay before seeking to serve the amended complaint, leave to do so should be denied absent a convincing explanation for the delay." Id. at 166 (citing Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976), cert. denied, 434 U.S. 968 (1977)); See also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that court may deny leave to amend for "undue delay, bad faith . . .[,] dilatory motive, . . . undue prejudice to the opposing party . . . [or] futility of the amendment").  Although delay alone is not generally a sufficient ground to deny leave to amend, State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981), a long period of unexplained delay will lighten the nonmoving party's burden to show prejudice.  Evans v. Syracuse City School Dist., 704 F.2d 44, 46-47 (2d Cir. 1983).  The court may deny an amendment that is based on facts the moving party knew or should have known when it filed its original complaint.  New Hampshire Ins. Co. v. Total Tool Supply, Inc., 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009).

**Discussion**

Cantor has waited five years before moving to add Globe as a defendant.  During those five years, six Master Complaints have been filed and, as noted above, more than 180 depositions have been taken and more than 400,000 pages of documents have been filtered by the Transportation Security Administration and produced to the parties for inspection.  Mediation of all the property damage claims, filed in eighteen lawsuits and claiming more than five billion dollars in damages, is actively engaging the parties with the Honorable John Martin as mediator, and trial approaches.

Cantor was not the first party to seek recovery for its 9/11 damages.  It had the opportunity to review the pleadings of numerous other claimants before it filed suit.  The first claims brought against Globe were made more than two years before Cantor filed its initial complaint.  Globe's role on September 11, at Logan Airport where American Airlines flight 11 took aboard its passengers and commenced its flight, was visible from the start.

Cantor made a strategic decision to focus for its recovery on American Airlines and the Massachusetts Port Authority, for these are the parties it sued.  It could not have just forgotten about Globe when it has been clear for over seven years that Globe was a main target of liability.

Globe reasonably could have believed that Cantor had chosen not to sue it.  Even if Cantor is to be believed that it learned new information regarding Globe's involvement from the March 30, 2007 deposition of Joseph M. Lawless, the director of public safety at the Massachusetts Port Authority, Cantor still fails to explain its delay of almost two and a half years from that date.

4

Contrary to Cantor's assertions, the amendment will prejudice Globe, and every other party in these lawsuits.  Globe has had no reason to review Cantor's document production or to consider, or participate in any meetings, concerning Cantor's claims, now stated to be $1.2 billion, more than five times its original claim of $223 million. See Decl. of Gary W Westerberg, Exhs. 2 and 3.   The parties should be focused on settlements in mediation and trials of unsettled cases, not on re-doing discovery between Globe and Cantor and addressing the implications of that discovery on every other issue and party in this case.  It has to be remembered that potential recoveries are limited under the Air Transportation Safety and System Stabilization Act by defendants' insurance, see ATSSSA § (408)(a)(1), 49 U.S.C. § 40101, and thus the recovery of each claimant, wrongful death and property alike, has to be considered in relation to every other claimant's potential recovery.  Every party has to consider the effects of another claimant's entry against another defendant, even against a defendant that has been in the case from the beginning.

A Cantor lawsuit against Globe, if now allowed, more than eight years after September 11, 2001, would add a significant new issue, whether Cantor's claims against Globe should relate back to the filing date of its lawsuit, thus saving Cantor's claim against Globe from the three-year bar of the statute of limitations.[2]  N.Y. CPLR § 214(4) ("[A]n action to recover damages for an injury to property" is "to be commenced within three years.").  To establish that claims relate back and escape the statute of limitations, the moving party must show, among other things, that the party to be added "knew or should have known that, but for a mistake concerning [its] identity, the action would have

---

[2] The relation-back issue may be decided either on a motion to amend, or subsequently pursuant to a motion to dismiss the case against a particular defendant because of the running of limitations.

been brought against it," and that there is a unity of interest between the party to be added and the party originally sued.  Schiavone v. Fortune, 477 U.S. 21, 29 (1986); Buran v. Coupal, 87 N.Y.2d 173, 178 (1995); see also Beck v. Consolidated Rail Corp., 394 F. Supp. 2d 632, 640-41 (S.D.N.Y. 2005) (relation back, even of a subsidiary with a parent corporation, requires proof of dominion and control by parent over subsidiary's operations).[3]  But Cantor does not allege that it made a mistake regarding Globe's identity, and there is no reason to believe that Globe should have prepared for a lawsuit that Cantor failed to bring.  Contractual relations among American Airlines, the Massachusetts Port Authority, and Globe do not necessarily mean that the parties were united in interest on all material issues.  These issues are intensely fact-centered, requiring discovery and giving rise to difficult motion practice.

At this stage, more important than how these issues are likely to be decided, is the certainty of additional depositions, arguments and motion practice.  This would force the parties to digress substantially from the issues on which they now need to focus: determining the probable values to be placed on their claims and defenses during intensive settlement negotiations in mediation and, at the same time, preparing numerous witnesses and marshaling countless documents to be ready for trial.  Neither the court nor the parties can afford the luxury of entertaining Cantor's late claims against Globe.

---

[3] To add a new party pursuant to New York's relation back doctrine, a party must establish that:

> (1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

Buran v. Coupal, 87 N.Y.2d 173, 178 (1995) (internal quotation marks omitted).

## Conclusion

For the reasons stated, I deny Cantor's motion to add claims against Globe and grant its motion to dismiss claims against Riggs National Corp., Riggs Bank, N.A., and Silverstein Properties Inc.  The Clerk shall mark the motion (Doc. #942) as terminated.

SO ORDERED.

Dated:      October    , 2009
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge