UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
IN RE SEPTEMBER 11 LITIGATION         :    21 MC 101 (AKH)
                                      :
------------------------------------- x
                                      :
CANTOR FITZGERALD & CO., et al.,      :
                                      :
                Plaintiffs,           :
           v.                         :    04-CV-7318 (AKH)
                                      :
AMERICAN AIRLINES, INC., and AMR      :
CORP.,                                :
                Defendants.           :
                                      :
                                      :
------------------------------------- x

## PLAINTIFFS' AND DEFENDANTS' JOINT UNOPPOSED MOTION FOR AN ORDER APPROVING THEIR SETTLEMENT AGREEMENT

The Cantor Fitzgerald Plaintiffs ("Cantor")[1] and Defendants American Airlines, Inc. and AMR Corporation ("American") (collectively, the "Parties") jointly move the Court for the entry of an Order: (1) approving the Parties' Settlement Agreement and Release of Claims (the "Settlement Agreement") resolving all of Cantor's claims asserted in *Cantor Fitzgerald & Co., et al. v. American Airlines, Inc., et al.*, 04 Civ. 7318 (AKH) (the "Cantor Lawsuit") and the settlement amount as consistent with the Air Transportation Safety and System Stabilization Act,

---

[1] The Cantor Fitzgerald Plaintiffs are: Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and TradeSpark, L.P.

49 U.S.C. § 40101 *note* ("ATSSSA") as it applies to American, the other Aviation Defendants[2], Cantor, and any other actual or potential claims against the Aviation Defendants' insurance limits; (2) holding that all amounts paid by the insurers for the paying Aviation Defendants (the "Contributing Insurers")[3] are to be credited against each paying Aviation Defendant's limit of liability established by Section 408(a)(1) of the ATSSSA; and (3) dismissing with prejudice the Cantor Lawsuit.  A copy of the Settlement Agreement and Release of Claims evidencing the settlement is attached hereto as Exhibit "A".  Counsel for the two remaining plaintiffs in 21 MC 101 (AKH), World Trade Center Properties LLC, et al. and Cedar & Washington Associates, LLC (whose actions are on appeal), have advised that their clients do not oppose this motion.

The Court has a significant basis to approve the Settlement Agreement as consistent with the ATSSSA.  The Settlement Agreement was the product of extensive, arms-length negotiations by experienced counsel for the Parties who worked diligently under the auspices of a highly respected mediator, and the Parties recognized the significant interest of the Aviation Defendants in ensuring that the full amount paid under any settlement would count toward the limitation on

---

[2] The Aviation Defendants are:  American Airlines, Inc.; AMR Corporation; United Airlines, Inc.; United Continental Holdings (formerly known as UAL Corporation); Continental Airlines, Inc.; US Airways, Inc.; US Airways Group, Inc.; Colgan Air, Inc.; Globe Aviation Services Corporation; Globe Airport Security Services, Inc.; Huntleigh USA Corporation; The Boeing Company; Massachusetts Port Authority; Burns International Services Company, LLC (formerly known as Burns International Services Corporation); Burns International Security Services Company, LLC (formerly known as Burns International Security Services Corporation); Pinkerton's, LLC (formerly known as Pinkerton's, Inc.); and Securitas AB.

[3] Although American is the only defendant in the Cantor Lawsuit, pursuant to the Allocation Agreement that was entered into by the insurers for American, United Airlines, Inc. ("United") and Globe Aviation Services Corporation ("Globe") (the "Allocation Agreement") and which the Court approved, *see In re September 11 Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 145 (2d Cir. 2011), the settlement of Cantor's claims are to be paid by American's, United's and Globe's insurers.  Accordingly, the amounts paid by these defendants' insurers should be credited against each respective defendant's limit of liability under ATSSSA Section 408(a)(1).

liability established by Section 408(a)(1) of the ATSSSA.[4] Thus, the Parties conditioned the Agreement upon the Court approving it as consistent with ATSSSA and holding that all amounts paid by the Contributing Insurers pursuant to the Agreement are to be credited against each respective paying Aviation Defendant's ATSSSA limit of liability. The Court has made such rulings more than ninety times in respect of the Aviation Defendants' settlement of personal injury and wrongful death cases, in the Aviation Defendants' settlement with the subrogated insurer plaintiffs and the majority of uninsured loss property plaintiffs, and in the Aviation Defendants' settlement of 7 World Trade Company, L.P.'s fine arts and personal property claims. Accordingly, there is no reason for the Court not to do so here. See *In re September 11 Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 145 (2d Cir. 2011).

Accordingly, for the reasons set forth above, the Court should grant this unopposed motion and enter an Order: (1) approving the Parties' Settlement Agreement resolving Cantor's claims as consistent with the ATSSSA as it applies to American, the other Aviation Defendants, Cantor, and any other actual or potential claims against the Aviation Defendants' insurance limits; (2) holding that all amounts paid by the Contributing Insurers are to be credited against

---

[4] Section 408(a)(1) of the ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an air carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001, whether fee simple, leasehold or easement, direct or indirect, or their directors, officers, employees or agents, shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, aircraft manufacturer, airport sponsor or person.

ATSSSA § 408(a)(1).

American's, United's and Globe's limits of liability established by Section 408(a)(1) of the ATSSSA; and (3) dismissing with prejudice the Cantor Lawsuit.

Dated: New York, New York
January 3, 2013

                                              Respectfully submitted,

                                              CONDON & FORSYTH LLP

                                              By: _____
                                                 Desmond T. Barry, Jr. (DB 8066)
                                            Times Square Tower
                                            7 Times Square
                                            New York, New York 10036
                                            Tel.: (212)490-9100
                                            Fax: (212)370-4483
                                            dbarry@condonlaw.com

                                            -and-

                                            DEBEVOISE & PLIMPTON LLP
                                            Roger E. Podesta
                                            Maura K. Monaghan
                                            919 Third Avenue
                                            New York, NY 10022
                                            Tel: (212) 909-6000
                                            Fax: (212) 909-6836
                                            repodesta@debevoise.com
                                            mkmonagh@debevoise.com

                                            *Attorneys for Defendants*
                                            AMERICAN AIRLINES, INC. and
                                            AMR CORPORATION

                                            -and-

                                            SAUL EWING LLP

                                            By: /s/ John F. Stoviak
                                                 John F. Stoviak, Esq.
                                            Centre Square West
                                            1500 Market Street, 38th Floor

Philadelphia, PA 19102-2186
Tel: (215) 972-1095
Fax: (215) 972-1921
jstoviak@saul.com

*Attorneys for Plaintiffs*
CANTOR FITZGERALD & CO., CANTOR FITZGERALD ASSOCIATES, L.P., CANTOR FITZGERALD BROKERAGE, L.P., CANTOR FITZGERALD EUROPE, CANTOR FITZGERALD INTERNATIONAL, CANTOR FITZGERALD PARTNERS, CANTOR FITZGERALD SECURITIES, CANTOR FITZGERALD, L.P., CANTOR INDEX LIMITED, CO2E.COM, LLC, ESPEED GOVERNMENT SECURITIES, INC., ESPEED, INC., ESPEED SECURITIES, INC., and TRADESPARK, L.P.